UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **STATE FARM LLOYDS** | § | |
| | § | |
| V. | § | Civil Action No. 4:05-CV-389 |
| | § | |
| **KRISTI JONES AND KELLY McCULLOUGH** | § | |
| **individually and as next friend of RHETT** | § | |
| **McCULLOUGH, BROOKE McCULLOUGH** | § | |
| **and WESLEY McCULLOUGH** | § | |

**MCCULLOUGH'S RESPONSE TO STATE FARM'S
MOTION TO STRIKE**

**TO THE HONORABLE RICHARD SCHELL, UNITED STATES DISTRICT JUDGE:**

COMES NOW, Kelly McCullough, Individually and as Next Friend for Rhett McCullough, Brooke McCullough, and Wesley McCullough, Defendant in the above styled and numbered cause, and files this response to State Farm Lloyd's Motion to Strike Kristi Jones' Civil Deposition and Defendant's Responses to Request for Admissions from Defendant McCullough's Response to State Farm's Motion for Summary Judgment, and would show the following:

I.

In support of its motion for summary judgment, State Farm relies upon prior state court criminal court testimony from Kristi Jones. Simultaneously, State Farm objects to the McCulloughs' use of prior state court civil deposition testimony from Kristi Jones. State Farm's position is tenuous.

A. **Kristi Jones' state court civil deposition testimony is admissible.**

### 1. As a Party Opponent Admission (Not Hearsay)

Pursuant to Fed. R. Evid. 801(d)(2), if a party's own statement is offered against that party, it may become an "admission by party-opponent". "Statements made by a party opponent are not within the hearsay rule." *Victoria's Secret Stores v. Artco Equipment Co., Inc.*, 194 F.Supp.2d 704, 718 (S.D. Ohio, 2002). "An admission of a party opponent needs no indicia of trustworthiness to be admitted." *Grace United methodist Church v. City of Cheyenne*, 427 F.3d 775, 800 (10th Cir., 2005). Deposition testimony is admissible as non-hearsay of a party opponent. *Sardine-Dire v. City of Chicago*, 883 F.Supp. 270, 274 (N.D. Ill., 1995). In fact, deposition testimony from another trial is admissible in a subsequent trial as a non-hearsay admission. *Shanklin v. Norfolk Southern Ry. Co.*, 369 F.3d 978, 990 (6th Cir. 2004); *Williams v. C.I.R.*, 999 F.2d 760, 765-66 (4th Cir. 1993).

In the present case, Kristi Jones' testimony (previously tendered by Defendant McCullough) clearly establishes liability against Ms. Jones. It is not in Ms. Jones' best interest to admit liability. As a result, such testimony is not "hearsay" pursuant to the Fed. R. Evid. 801.

### 2. As Statement of Existing State of Mind (Hearsay Exception)

State Farm argues that "availability of the declarant" is important. Federal Rules of Evidence 803 ("hearsay exceptions; availability of declarant immaterial") says otherwise. Pursuant to Fed. R. Evid. 803(3), Ms. Jones' civil deposition testimony is also admissible as a hearsay exception. Subsection (3) provides that "a statement of the declarant's then existing state of mind, . . . (such as intent, plan, motive, mental feeling . . .") constitutes an exception to

hearsay. As a result, any such testimony is admissible herein, when she describes her "then-existing state of mind".

### 3. As a "Residual Exception" for Trustworthy Statement

Fed. R. Evid. 807 also provides another avenue of admissibility for the state court civil deposition testimony. Fed. R. Evid. 807 is the "residual exception" to hearsay. Fed. R. Evid. 807 is to be relied upon by the Court, when a statement is "not specifically covered by rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness. . ." Fed. R. Evid. 807 allows for the admissibility of prior statements if this Court determines that: "1) the statement is offered as evidence of material facts; 2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and 3) the general purpose of these rules and interests of justice will best be served by admission of the statement into evidence." All three elements are met.

B.   **Responses to Request for Admissions (in prior proceedings) can be admissible in the present case.**

State Farm argues that discovery responses (responses to request for admissions) are inadmissible herein. State Farm argues, without legal support, that only admitted matters have evidentiary value. F.R.C.P. 36 discusses the effect of a "request for admissions" in the pending Federal Court, but does not exclude responses from the fact finder. The purpose of FRCP 36 is to narrow the issues for trial. "A denial is a perfectly reasonable response." *United Coal Cos v. Powell Const Co*, 839 F2d 958, 967 (3d Cir. 1988). A party is entitled to explain a denial under FRCP 36.

WHEREFORE, PREMISES CONSIDERED, Defendant McCullough prays that State Farm's Motion to Strike be denied in whole. Defendant McCullough further prays for such and other relief to which she may be entitled.

        Respectfully submitted,

        /s/
        W. Anthony O'Hanlon
        State Bar No. 15235520
        **SANDERS, O'HANLON & MOTLEY, P.L.L.C.**
        111 South Travis Street
        Sherman, Texas 75090
        Telephone (903) 892-9133
        Facsimile (903) 957-4302

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties in interest as set out below, in the following manner:

- ☐   Certified Mail, Return Receipt
- ☐   Facsimile
- ☐   Hand-Delivery
- ☐   United States Mail, Postage Prepaid
- ☐   E-mail Notification

So certified this the 15th day of March, 2006.

                        /s/  
                    Anthony O'Hanlon

| | |
|---|---|
| Mr. Michael A. Minton | Kristi Jones |
| Michael W. Minton, P.L.L.C. | c/o 711 North Travis Street |
| 4425 W. Airport Frwy., Suite 300 | Sherman, TX 75090 |
| Irving, Texas 75062 | |