IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-389 |
| | § | |
| KRISTI JONES AND | § | |
| KELLY MCCULLOUGH, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF RHETT MCCULLOUGH, | § | |
| BROOKE MCCULLOUGH AND | § | |
| WESLEY MCCULLOUGH | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR REHEARING**

The following motions, response, and briefing are currently pending before the court:

1. Kelly McCullough, Individually and as Next Friend of Rhett McCullough, Brooke McCullough, and Wesley McCullough's, Motion for Summary Judgment (docket entry #60);

2. Kelly McCullough's (Individually and as Next Friend of Rhett McCullough, Brooke McCullough, and Wesley McCullough) Motion for Leave to File Supplemental Evidence (docket entry #65);

3. State Farm Lloyds' Response to Kelly McCullough's Motion for Summary Judgment and Motion for Leave to File Supplemental Evidence (docket entry #66);

4. State Farm Lloyds' Motion for Rehearing on its Motion for Summary Judgment (docket entry #61);

5. State Farm Lloyd's Memorandum of Law Regarding Sufficiency of Kelly McCullough's Allegations to Trigger State Farm Lloyd's Duty to Defend (docket entry # 113); and

6. Defendant McCullough's Memorandum of Law on Plaintiff' State Farm Lloyds' Duty to Defend (docket entry #114).

Having considered the motions, the response, and the supplemental briefing, the court is of the opinion that Kelly McCullough's motion for summary judgment should be granted, that the motion for leave should be denied, and that State Farm Lloyds' motion for reconsideration should be denied.

## BACKGROUND

Plaintiff State Farm Lloyds ("State Farm") previously filed a motion for summary judgment, which this court subsequently denied.[1] On September 14, 2006, Kelly McCullough ("McCullough") filed her motion for summary judgment, incorporating her previous summary judgment responses. She later filed a motion for leave to file supplemental evidence. State Farm filed a motion for rehearing on its motion for summary judgment and a response in opposition to both McCullough's motion for summary judgment and motion for leave. Additionally, the parties came before the court for a pretrial conference on December 28, 2006, at which time the court instructed the parties to file supplemental briefing on the issue of whether the court must rely upon extrinsic evidence in this case in order to determine whether State Farm has a duty to defend in the underlying wrongful death case. The parties each filed a memorandum of law with the court on January 8, 2007.

After the December 28, 2006 pretrial conference, McCullough filed a First Amended Original Petition ("Amended Petition") in the underlying state court case. In the Amended Petition, McCullough alleges more facts than she did in her Original Petition. Instead of merely alleging that

[1] The background facts in this motion are the same as those recited in the order denying Plaintiff's motion for summary judgment (docket entry #57); therefore, rather than repeating the same facts, the court simply incorporates the background facts found in that order by reference.

Kristi Jones ("Jones") caused the death of Jon McCullough through acts of negligence at her house, the Amended Petition briefly lays out the facts leading up to the shooting, including the fact that Jones retrieved a loaded weapon from her home and that she did not put down, unload, or return the weapon to her home before a verbal confrontation turned into a physical confrontation. Further, the Amended Petition alleges that during the physical confrontation the weapon was "negligently discharged" and that as a result of the listed acts, either singly or in combination, Jon McCullough was killed.

**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL EVIDENCE**

State Farm objects to McCullough's motion for leave to file supplemental evidence. Specifically, State Farm argues that the evidence McCullough offered - Kristi Jones' deposition in the underlying state case - should not be considered because it was not properly submitted. The court agrees that the deposition should not be considered by the court, but reaches this conclusion based upon different reasons than those urged by State Farm.

A recent Texas Supreme Court case examined when, if ever, extrinsic evidence should be used to determine whether a duty to defend exists. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 306-07 (Tex. 2006). The court rejected the use of extrinsic evidence that would overlap with evidence the insured would use to defend herself in the underlying litigation. *Id.* at 309. While the court did not state an explicit exception to the eight corners rule, it seemed to indicate that were it to do so, an exception would only apply in very narrow circumstances such as when "it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Id.* (quoting

*Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)). In light of *GuideOne*, the court will not look at extrinsic evidence but rather look only to the Amended Petition and the policy at issue; in other words, it will follow the eight corners rule. Therefore the court **DENIES** McCullough's motion for leave to file supplemental evidence.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually insufficient claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *See id.* The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 175-76 (5th Cir.

1990). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *See Anderson*, 477 U.S. at 255. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.*

## Discussion and Analysis

Whether a duty to defend exists must be determined by looking to McCullough's recently filed Amended Petition, which states the facts leading up to the negligent discharge of the weapon.[2] State Farm argues that the Amended Petition does not allege facts which trigger a duty to defend. State Farm Memo. of Law, p. 2. More specifically, State Farm contends that merely alleging that the gun was "negligently discharged" does not trigger the duty to defend because no facts were alleged to suggest that the discharge was an accident. State Farm also argues that the doctrine of concurrent causation would preclude a finding that a duty to defend existed. In its Memorandum of Law, State Farm relies, in large part, on a recently adopted report and recommendation in an unrelated case. McCullough contends that the Amended Petition alleges facts sufficient for the court to declare that a duty to defend exists.

### A. Duty to Defend Under the Complaint Allegation or Eight-Corners Rule

Texas utilizes the "complaint allegation rule," also known as the "eight corners rule," in order to determine whether an insurer has a duty to defend.[3] *Nat'l Union Fire Ins. Co. v. Merchs. Fast*

---

[2] Texas Rule of Civil Procedure 65 states that amended pleadings completely supercede any prior pleadings. Tex. R. Civ. P. 65; *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983). Therefore, the duty to defend is determined by looking to the latest, and only the latest, amended pleadings. *Rhodes*, 719 F.2d at 119. "A complaint which does not initially state a cause of action under the policy, and so does not create a duty of defend, may be amended so as to give rise to such a duty." *Id.*

[3] Because this is a diversity case, Texas substantive law applies. *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.*, 351 F.3d 642, 646 (5th Cir. 2003).

*Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 552 (5th Cir. 2004). In applying this rule, the finder of fact must compare the allegations in the underlying suit, that is, the suit against the insured, with the insurance policy provisions. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Primrose Operating Co.*, 382 F.3d at 552. It is not the cause of action alleged that is determinative, but rather it is the facts in the petition which gave rise to the alleged actionable conduct that are determinative. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141.

The facts alleged in the pleadings against the insured are presumed to be true; the eight corners analysis is not influenced by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit. *Reser v. State Farm Fire & Cas. Co.*, 981 S.W.2d 260, 263 (Tex. App.–San Antonio 1998, no pet); *Primrose Operating Co.*, 382 F.3d at 552. The court must apply the eight corners rule by resolving doubts in favor of the insured and giving the allegations in the pleadings a liberal interpretation. *Guaranty Nat'l Ins. Co. v. Azrock Indus., Inc.* 211 F.3d 239, 243 (5th Cir. 2000). Any doubts are resolved in the insured's favor so that if the policy *even potentially* covers an allegation in the complaint, the insurer has a duty to defend. *Enserch Corp. v. Shand Morahan & Co.,* 952 F.2d 1485, 1492 (5th Cir. 1992).

As stated, in light of *GuideOne*, the court will not look to extrinsic evidence but rather will look only to the Amended Petition and the policy at issue; in other words, it will follow the eight corners rule.[4] The court must compare the language in the Amended Petition with Jones's

---

[4] The court here notes the distinctions between the report and recommendation relied upon by State Farm and the instant case. In the cited report and recommendation, the plaintiff in the underlying state lawsuit alleged only that the defendant "stabbed" him and gave no facts leading up to the event. State Farm Memo. of Law, Ex. In the instant case, however, the Amended Petition states the facts leading up to the shooting. Moreover, it specifically states that the discharge of the weapon was negligent. The petition in the unrelated report and recommendation alleged generally that the defendant was "negligent in causing" the injuries. *Id.*

Homeowners' Policy (the "Policy"). The Policy contains the following coverage provision:

> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damages to which this coverage applies, caused by an **occurrence**, we will: ...(2) provide a defense at our expense by counsel of our choice.

State Farm Lloyds' Motion for Summ. J., Ex. A (emphasis added). The policy defines "occurrence" as "an accident, including exposure to conditions, which results in: (a) bodily injury; or (b) property damage; during the policy period." State Farm Lloyds' Motion for Summ. J., Ex. A. Under Texas law when an insurance policy defines an "occurrence" as an "accident" but fails to further define the term "accident," the Texas Supreme Court has found that acts by the insured which are "voluntary and intentional," and where injury is the natural result, are not accidents even if the result or injury may have been "unexpected, unforeseen and unintended." *Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 377 n. 2 (Tex. 1993); *Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 155 (Tex. 1999). The mere fact, however, that an actor "'intended to engage in the conduct that gave rise to the injury,' does not mean that the injury was not an accident." *Mid-Century Ins. Co. of Tex.*, 997 S.W.2d at 155 (citations omitted).

Therefore, to prove coverage does not exist and there is no duty to defend, State Farm must show that the facts alleged by McCullough in her Amended Petition do not even potentially fall under the Texas Supreme Court's definition of "accident." In her Amended Petition, McCullough alleges the following facts: Jones retrieved a loaded weapon from her home when she saw a vehicle enter onto her property, and she did not put the weapon down or return it to her house upon learning that a neighbor, Gayle Riddle, was in the vehicle. A verbal confrontation ensued between Riddle and Jones, which escalated into a physical confrontation. During the physical confrontation, the

weapon that Jones had previously retrieved was "negligently discharged."

When comparing the language in the Policy with the language in the Amended Petition, the court concludes the Amended Petition contains an allegation which is *potentially* covered by the Policy at issue. The facts alleged could potentially describe an "accident" and that is where the court's inquiry must stop. To delve deeper into whether the Policy covers the allegation would cause the court to examine evidence that goes to a fundamental issue of coverage and to examine the truth or falsity of facts alleged in the underlying case. The court looked to the facts alleged and determined that they constituted more than "bare bone" allegations of "negligence." As such the court finds that a cause of action which may potentially be covered by the Policy exists and no genuine issue of material fact exists which contradicts this finding.[5]

B. Duty to Defend Under Concurrent Causation

State Farm has alternatively argued that even if the Amended Petition alleges a cause of action that would *potentially* fall under the Policy's coverage, the concurrent causation doctrine nonetheless takes the facts alleged in the Amended Petition out of coverage and mandates a conclusion that no duty to defend exists. In order for the concurrent causation doctrine to apply, the court must find that the accident at issue would not have occurred but for concurrent behavior that is outside of the policy coverage. *See Commercial Union Ins. Co. v. Roberts*, 7 F.3d 86, 89 (5th Cir. 1993). The court believes that State Farm's reliance upon concurrent causation is misplaced. Upon

[5] Originally State Farm also argued that the duty to defend did not exist because the Intentional Acts Exclusion precluded coverage. The Intentional Acts Exclusion in Jones' policy states: "Coverage ... do[es] not apply to: (a) bodily injury or property damage: (1) which is either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured." State Farm Lloyds' Motion for Summ. J., Ex. A, p. 17. This court finds that the resolution of whether the Intentional Act Exclusion applies here goes beyond the limited inquiry of the eight corners rule. To determine whether the bodily injury could have been expected or intended would cause the court to delve into and engage the truth or falsity of facts that are at issue in the underlying state case. As such, State Farm's duty to defend is not precluded by this provision.

reviewing several concurrent causation cases, the court concludes that more often that not the plaintiff in the underlying case was asserting negligence in addition to an act that was clearly excluded under the policy. For instance, in *Burlington Ins. Co. v. Mexican-Amer. Unity Council, Inc.*, 905 S.W.2d 359 (Tex. App. – San Antonio 1995, no writ), a girl, who was staying at a youth home, left the premises and was physically and sexually assaulted while off the premises. *Burlington*, 905 S.W.2d at 360. The girl sued the youth home and alleged that the home was negligent in allowing her to leave the premises, which as a result caused her injuries arising out of the assault and battery. *Id.* However, the court found that her injuries were a result of the assault and battery and that no further inquiry was needed. *Id.* at 360-62. Other cases had similar outcomes where an intentional act caused injuries but the plaintiff alleged that negligent acts led up to and caused the intentional acts. *See, e.g., Commercial Union*, 7 F.3d at 88-90; *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536, 537-38 (Tex. App. – Dallas 1989, writ denied).

In the instant case only one ultimate allegation was made: Jones's negligent discharge of the weapon resulted in bodily injury and death to Jon McCullough. No other claims of negligence or of intentional actions were made. State Farm contends that the Amended Petition contains allegations of intentional acts by Jones and that therefore, the intentional and negligent acts which were alleged merge to exclude coverage. However, the Amended Petition alleges only one cause of action and only one cause of Jon McCullough's death: the negligent discharge of a firearm. As such, State Farm's concurrent causation argument is misplaced.

## CONCLUSION

Upon consideration of the motions, the response, and the briefing, the court makes the following rulings. Kelly McCullough, Individually and as Next Friend of Rhett McCullough,

Brooke McCullough, and Wesley McCullough's, Motion for Summary Judgment (docket entry #60) is **GRANTED**, Kelly McCullough's (Individually and as Next Friend of Rhett McCullough, Brooke McCullough, and Wesley McCullough) Motion for Leave to File Supplemental Evidence (docket entry #65) is **DENIED**, and State Farm Lloyds' Motion for Rehearing on its Motion for Summary Judgment (docket entry #61) is **DENIED**. As such, the court orders State Farm to provide a defense to Kristi Jones in the underlying state lawsuit styled *Kelly McCullough, Individually and as Widow and Next of Friend of Rhett McCullough, Brooke McCullough, and Wesley McCullough v. Kristi Jones*, which is pending in the 15th Judicial District Court of Grayson County, Texas.

As for the remaining indemnification claim, the court will reserve judgment until the underlying state lawsuit is resolved.[6] The court finds that the indemnification coverage issue will depend upon a factual resolution of whether Jones's acts were accidental. *See Utica Nat'l Ins. Co. of Tex. v. Amer. Indemnity Co.*, 141 S.W.3d 198, 203-04 (Tex. 2004). As such, it will stay the case until the underlying lawsuit is resolved.

Based on the court's finding that it can resolve the duty to defend question of law based upon the eight corners rule, the jury trial which was scheduled for March 5, 2007, and the pretrial hearing, which was scheduled for March 1, 2007, are both cancelled. Also, "Defendant McCullough's Supplemental Motion in Limine" (docket entry #112) filed January 5, 2007, is **DENIED** as moot.

**SIGNED this the 27th day of February, 2007.**

Richard A. Schell

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[6] The duty to defend and the duty to indemnify are distinct duties. *State Farm Fire & Cas. Co. v. Brooks*, 43 F. Supp. 2d 695, 698 (E.D. Tex. 1998). Thus, the insurer may have a duty to defend based upon the complaint allegations while it may later be determined that the insurer has no duty to indemnify. *Id.*