**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| STATE FARM LLOYDS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 4:05-cv-389 | |
| § | | |
| KRISTI JONES and § | | |
| KELLY MCCULLOUGH, individually and § | | |
| as next friend of RHETT MCCULLOUGH, § | | |
| BROOKE MCCULLOUGH and § | | |
| WESLEY MCCULLOUGH, § | | |
| Defendants. § | | |

**MEMORANDUM OPINION & ORDER DENYING
STATE FARM LLOYDS' MOTION FOR SUMMARY JUDGMENT**

Before the court are the following:

1. State Farm Lloyds' Motion for Summary Judgment Regarding the "Expected or Intended" Exclusion in Kristi Jones' Homeowner's Policy (de # 125);

2. McCulloughs' Response to State Farm Lloyds' Motion for Summary Judgment Regarding the "Expected or Intended" Exclusion in Kristi Jones' Homeowner's Policy (de # 129);

3. State Farm Lloyds' Reply to Kelly McCullough's Response to State Farm's Motion for Summary Judgment (de # 131); and

4. Defendant McCullough's Sur-reply to State Farm Lloyds' Reply to McCullough's Response to State Farm Lloyds' Motion for Summary Judgment (de # 132).

Having reviewed the Motion, the arguments of the parties and the relevant legal principles, the court is of the opinion that the Motion should be DENIED.

**I. BACKGROUND**

The parties are intimately familiar with the facts of this case, which have been recited with

detail several times by this court. The court refers the parties to an earlier order at *State Farm Lloyds v. Jones*, Case No. 4:05-CV-389, 2006 U.S. Dist. LEXIS 63978, at *6-10 (Sep. 6, 2006) for a more detailed factual explanation.

Kristi Jones was convicted by a Texas criminal jury of manslaughter in the shooting death of John McCullough. "A person commits [manslaughter] if he recklessly causes the death of an individual." TEX. PENAL CODE § 19.04 (Vernon 2008). The jury was instructed by the 59th Judicial District Court in Grayson County, Texas that

> A person acts recklessly, or is reckless, with respect to circumstances surrounding her conduct or the result of her conduct when she is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Kelly McCullough, the decedent's widow, sued Jones on behalf of herself and as next friend of her minor children. State Farm provided Jones with a defense in the matter under a reservation of rights. The McCullough Defendants prevailed on their wrongful death action against Jones, and the state court entered a money judgment on their behalf.

State Farm issued Jones a homeowner's insurance policy containing the following relevant language

> **COVERAGE L - PERSONAL LIABILITY**
> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which the coverage applies, caused by an occurrence, we will:
> 1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
> 2. Provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment

> resulting from the occurrence, equals our limit of liability.
>
> **SECTION II - EXCLUSIONS**
> 1.    Coverage L...[does] not apply to:
>    a.    bodily injury or property damage:
>       (1)    which is either expected or intended by the insured.

The policy thus excludes from coverage bodily injury which the insured subjectively expects or intends. The policy was active during the events at issue. State Farm initiated this declaratory judgment action, seeking an order of the court declaring that the insurance policy does not cover the civil judgment held by the McCullough Defendants against Jones. State Farm moves for summary judgment, arguing that the criminal jury's finding of Jones' recklessness places the incident within the exclusion, and thus outside of policy coverage, as a matter of law. This court has jurisdiction under 28 U.S.C. § 1332(a)(1).

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Id*. at 255. The substantive law identifies which facts are material. *Id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine

issue of material fact and that it is entitled to judgment as a matter of law. *Id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *accord Anderson*, 477 U.S. at 257. In order to create a genuine issue, the evidence "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION & ANALYSIS

The first issue necessary for a decision on the Motion is the issue of the preclusive effect to be given the criminal jury's finding of guilt as to the manslaughter charge brought against Jones. Because the court sits in diversity on this matter, Texas preclusion law applies. *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, 377 (5th Cir. 1997). A criminal conviction is given preclusive effect in a subsequent civil proceeding with regard to issues that were fairly and fully litigated in the criminal action. *E.g.*, *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579-80 (Tex. 2001); *Johnston v. Am. Med. Int'l*, 36 S.W.3d 572, 576 (Tex. App.—Tyler 2000, pet. denied); *Fullerton*, 118 F.3d at 378 (in dictum). To find Jones guilty of manslaughter, the criminal jury necessarily found her action to be criminally reckless. The Defendants may not, therefore, argue that Jones acted with a mental state less culpable than recklessness during the events at issue.

The issue central to a decision on this Motion, then, turns to whether a criminal jury's finding that Jones acted recklessly implicates the "expected or intended" exclusion as a matter of law. The court concludes that it does not. The court has already decided that the criminal jury's finding of recklessness does not mandate a conclusion that Jones "intended" the bodily injury of John McCullough. *Jones*, 2006 U.S. Dist. LEXIS 63978, at *26. Because the Supreme Court of Texas has not decided whether a reckless act triggers the "expected" language in the exclusion, the court must make an *Erie* guess as to whether that finding mandates such a conclusion. *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 295 (5th Cir. 1995).

Insurance policies are contracts subject to the general rules of contract interpretation. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). Absent the contracting parties' intent to the contrary, terms in the contract are given ordinary meaning. *Dewitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999). The contract is read as a whole, and meaning is to be given to each term in the contract. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998). "However, if a contract of insurance is susceptible of more than one reasonable interpretation, [the court] must resolve the uncertainty by adopting the construction that most favors the insured. (Internal citations omitted). The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991).

In Texas, a person "acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur," and the criminal jury was

so instructed.  TEX. PENAL CODE § 6.03 (Vernon 2008).  The Texas Court of Criminal Appeals has recently emphasized that "[r]ecklessness requires the defendant to actually foresee the risk involved and to consciously decide to ignore it."  *Williams v. State*, 235 S.W.3d 742, 751 (Tex. Crim. App. 2007).

"Expected" is not given a particular definition in the insurance contract.  Accordingly, it is to be given its ordinary meaning.  *Parks*, 1 S.W.3d at 101.  The definition given to "expect" in Black's Law Dictionary is "to await; to look forward to something intended, promised, or likely to happen."  BLACK'S LAW DICTIONARY 576 (6th ed. 1990).  Likewise, Merriam-Webster defines "expect" as follows: "2.  to anticipate or look forward to the coming or occurrence of . . . 4a.  to consider probable or certain."  http://www.merriam-webster.com/dictionary/expect (last visited Dec. 23, 2008).  Thus, "expect" can be thought of as having a pair of distinct meanings.  One meaning involves the anticipation that a particular result will occur.  The other meaning involves the appreciation that a result is more likely to occur than not to occur.  To interpret "expect" along the lines of waiting for a result, particularly one that is "intended" or "certain" to occur would be to interpret "expected" to mean "intended."  The phrase "expected or" would be rendered surplussage, an outcome disfavored by Texas courts.  *Balandran*, 972 S.W.2d at 741.  A result, therefore, is "expected" under the exclusion if the insured considered its occurrence to be more likely to happen than not to happen.  At some point, the insured's belief in the probability of an outcome crosses from expectation to intent, but the court need not detain itself with that distinction.  *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex. 1993) (explaining that the concept of intent "extends not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what the actor does.").

Thus interpreted, the "expected or intended" exclusion is not triggered as a matter of law by the criminal jury's finding that Jones acted recklessly during the events in question. Recklessness requires a subjective awareness of a substantial and unjustifiable risk created by the actor's behavior. A consequence is not "expected," however, unless the actor considers its occurrence likely. The gap between these two terms then comes to light. A reckless act may very well bring about effects that are understood by the actor as possible consequences of his actions. The actor may, however, understand the substantial and unjustifiable risk and disregard it, thus acting recklessly, without considering the resulting consequences to be probable. In such a case, the exlcusionary language is not implicated. There thus exists a question of fact to be determined not by the court, but upon a trial of the facts of this case to a jury. *See Jones*, 2006 U.S. Dist. LEXIS, at *27-28.

State Farm cites a number of cases it claims conclusively link recklessness with "expected or intended." Each is distinguishable on its facts and thus unhelpful to the court in making its *Erie* guess. In *Federal Ins. Co. v. Potamkin*, 961 F. Supp. 109 (E.D. Pa. 1997), the defendants had been convicted of crimes involving a *mens rea* of recklessness. The insurance company sought a declaration that it need not pay the civil judgments to the victims on behalf of the defendants. The insurance policy at issue defined intentional acts as those "whose consequences could have been foreseen by a reasonable person." The court had no trouble concluding that the defendants' reckless acts were intentional under the insurance policy because "the policy only require[d] that a reasonable person would have foreseen the consequences." *Id*. at 112. Thus, the term "intentional acts" had been made a term of art, and it relied on an objective standard rather than the subjective standard used in the instant policy. This consideration also renders *Allstate Ins. Co. v. Cole*, 717 N.E.2d 816, 818 (Ohio Ct. App. 1998) inapplicable.

The court in *Hereford Ins. Co. v. Segal*, 835 N.Y.S.2d 741 (N.Y. App. Div. 2007) determined that the insurance company would not need to satisfy a civil judgment against the defendant, who was convicted of reckless assault. Coverage was denied under an exclusion that applied when the injury was "expected or intended from the standpoint of the insured." *Id*. at 742. Again, the reference is to an objective standard, and the New York court applied an objective standard in resolving the issue. The policy before this court contains a subjective standard. What Jones actually expected is for the jury to decide.

The definition of "expected" relied upon by the court in *Farm Bureau Town & Country Ins. Co. v. Turnbo*, 740 S.W.2d 232, 236 (Mo. App. 1987) refers to what the actor reasonably should have expected as opposed to the purely subjective expectations contemplated by the instant policy. The court in *Penn. Millers Mut. Ins. Co. v. Rigo*, 681 N.Y.S.2d 414, 415-16 (N.Y. App. Div. 1998) determined that the underlying incident was "the result of intentional conduct." These cases are likewise unhelpful.

### IV. CONCLUSION

Based on the foregoing, the court finds that Jones' manslaughter conviction is preclusive on the issue of *mens rea*. Accordingly, the Defendants will not be able to argue at trial that she acted with a less culpable state of mind than recklessness during the events in question. There is conflicting evidence sufficient to create a genuine issue of material fact to be decided by the jury on the issue of the applicability of the "expected or intended" exclusion. The court is, therefore, of the opinion that "State Farm Lloyds' Motion for Summary Judgment Regarding the 'Expected or Intended' Exclusion in Kristi Jones' Homeowner's Policy" (de # 125) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 30th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE