IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-389 |
| | § | |
| KRISTI JONES AND | § | |
| KELLY MCCULLOUGH, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF RHETT MCCULLOUGH, | § | |
| BROOKE MCCULLOUGH AND | § | |
| WESLEY MCCULLOUGH | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION
OF McCULLOUGHS' LIMINE ORDER**

Pending before the court is "McCullough Defendants' Motion for Reconsideration of McCulloughs' Limine Order" (Dkt. 156). On December 27, 2006 this court entered an order granting Defendant Kelly McCullough's motion in limine (Dkt. 102). In that order the court explained that Local Rule CV-7(d), requires an opposing party to respond within 15 days of the date the motion was filed. When a party fails to oppose a motion in the manner prescribed by the Local Rules, the court assumes that the party has no opposition. Because Plaintiff did not file any opposition to Defendants' motion in limine, the motion was granted. On December 5, 2008 Plaintiff filed a "Motion for Reconsideration of Kelly McCullough's Motion in Limine" (Dkt. 140). Defendants did not file any written opposition to Plaintiff's motion. In accordance with Local Rule CV-7(d) the court assumed the motion was unopposed, and Plaintiff's motion was granted (Dkt. 154).

Now Defendants seek reconsideration of Plaintiff's motion for reconsideration.

Defendants admit that they did not file a written response to Plaintiff's motion for reconsideration, but instead relied on the certificate of conference (in Plaintiff's motion for reconsideration), which stated Defendants "did not oppose reconsideration, but [] did oppose any relief amounting to a change in the Court's previous ruling." Local Rule CV-7(d) sets forth not only the time frame for responding to motions, but also guidelines for the substance of such responses. According to Rule CV-7(d), "[a] response shall be accompanied by a proposed order . . . Briefing shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the party relies." E. DIST. OF TEX. LOCAL R. CV-7(d). Therefore, the certificate of conference relied upon by Defendants did not constitute a "response" under this court's Local Rules. It did not contain any reasons. Although the parties should by now be acquainted with this court's Local Rules, Plaintiff filed no opposition to Defendants' motion for reconsideration. As such the court is entitled to treat Defendants' motion as unopposed and grant the motion in its entirety. However, rather than invite additional motions for reconsideration, the court will consider each of the issues raised by Defendants' motion for reconsideration in turn.

Having considered Defendants' motion, the court finds as follows with respect to the Defendants' Motion in Limine (de #74):

24. Granted.

25. Denied. Transcripts or recordings of 911 calls may be admissible hearsay. Courts in the Fifth Circuit have found such recordings to be admissible under the excited utterance and present sense impression exceptions to the hearsay rule, *see United States v. Jackson*, 204 F.3d 1118, 1999 WL 1330689, *8 (5 th Cir. 1999) (unpublished); and under the business records exception to the hearsay rule. *See United States v. Verlin*, 466 F. Supp. 155, 159 (N.D. Tex. 1979) (holding a tape recording of an emergency call kept in the regular course of business satisfies the requirements of the business records exception).

29. Granted. However, because the court has not reviewed any correspondence or

emails the party that wishes to introduce such evidence may approach the court to request the admission of specific correspondence or emails.

Autopsy. Denied. The court can find no reference to an "autopsy – prepared after the fact" in Defendants' original motion in limine. Therefore, the court considers any reference to an autopsy in Defendants' motion to reconsider to be an untimely filed motion in limine.

Except as otherwise noted above, this court's order granting Plaintiff's motion for reconsideration of Defendants' motion in limine (Dkt. 154) remains unaltered.

**IT IS SO ORDERED.**

SIGNED this the 8th day of September, 2009.

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE